**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KRISTEN M. FIEDOR, | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Plaintiff, | ) | FILED: OCTOBER 24, 2008 |
| | ) | 08CV6103 |
| v. | ) | JUDGE HOLDERMAN |
| | ) | MAGISTRATE JUDGE MASON |
| SUPERVALU d/b/a JEWEL FOOD STORES, | ) | Civil No. EDA |
| a corporation | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. This is a claim for relief under Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-2(a)(1), more particularly, the Pregnancy Discrimination Act of 1979, as amended in 2005, 42 U.S.C. 2000e(k). Jurisdiction is posited upon Title 28 U.S.C. §1343(4).

2. Defendant is an employer within the meaning of the Act. The conduct complained of occurred within this judicial district at or near Lemont, Illinois.

**ADMINISTRATIVE PROCEDURES**

3. Prior to filing this suit, plaintiff filed the attached charge of discrimination against the employer with the Illinois Department of Human Rights. The Equal Employment Opportunity Commission was notified of said charge. The attached right-to-sue letter from the Equal Employment Opportunity Commission was issued. This suit has been timely filed within 90 days of receipt of said right-to-sue letter.

**STATEMENT OF CLAIM**

4. On or about May 27, 2008 plaintiff was discriminated against in the terms,

conditions and privileges of her employment because of her sex when she was maliciously discharged because she was pregnant, as more fully set forth in her attached charge of discrimination.

**PRAYER FOR RELIEF**

5	Wherefore, plaintiff, KRISTEN M. FIEDOR, asks the court to enter judgment in her favor, and against the defendant, SUPERVALUE, for all reasonable relief to which she may be entitled, pursuant to Title 42 U.S.C. §2000e-5(g) and (k) and 42 U.S.C. 1981a.


_____
ERNEST T. ROSSIELLO

ERNEST T. ROSSIELLO & ASSOCIATES, P.C.
134 North LaSalle Street, Suite 1330
Chicago, Illinois 60602
Telephone: (312) 346-8920
Telefax: (312) 346-5988

Attorney for Plaintiff

October 21, 2008

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Kristen Fiedor
724 State St
Lemont, IL 60439

**CERTIFIED MAIL 7000 0600 0022 1008 5740**

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2008-02643 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*
John P. Rowe,
District Director

09/26/2008 mjh
(Date Mailed)

Enclosures(s)

cc: **SUPERVALU DBA JEWEL**
1202 State St
Lemont, IL 60439

RECEIVED

OCT 03 2008

ERNEST T. ROSSIELLO
& ASSOCIATES, P.C.

09W0717.19

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2009CF0251 |
|---|---|---|

Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Kristen Fiedor | 312-346-8920 Attorney |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 724 State Street | Lemont IL 60439 | 07/12/85 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| Supervalu d/b/a Jewel | Yes | 630-243-1107 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1202 State St | Lemont IL 60439 | Will |

| NAME | | TELEPHONE (include area code) |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON:<br>Gender (pregnancy) | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL) 05/27/2008<br>/ / / /<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

SEE ATTACHED STATEMENT OF PARTICULARS

DEPT OF HUMAN RIGHTS
INTAKE UNIT
JUL 17 2008
RECEIVED
BY_____

**Ernest T. Rossiello**
*Attorney at Law*
134 North LaSalle St, #1330
Chicago, IL 60602-1137
(312) 346-8920

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS
[signature] JUL 16 2008
NOTARY SIGNATURE   MONTH DATE-YEAR

OFFICIAL SEAL
JANET AHLGREN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/10

NOTARY SEAL

X [signature] JUL 16 2008
SIGNATURE OF COMPLAINANT   DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

DEPT OF HUMAN RIGHTS
INTAKE UNIT
JUL 17 2008
RECEIVED

FORM 5 (5/05)

## STATEMENT OF PARTICULARS

My name is KRISTEN M. FIEDOR and, until May 27, 2008 I was employed as a deli-clerk by JEWEL FOOD STORES, owned by SUPERVALU, a California corporation. My hourly wage was $8.40. I began my employment on or about April 25, 2008. I was fired from my part-time position that day by JENNY CHANCEY, Deli-Manager and CHUCK MITCHELL, Store Manager, because I was pregnant. My baby is due on November 9, 2008.

On or about May 12, 2008 I informed JENNY CHANCEY, my supervisor, that I was pregnant. About May 15, 2008 I overheard a conversation between JENNY and CHUCK wherein JENNY was stating that she did not want to assign me to full-time employment because I was pregnant. I had been informed that I would be eligible for full-time employment once a full-time position became available. One actually became available about two weeks before I was terminated. There was a man (about 19-20 years of age) working in the deli, but he transferred to the TCF Bank in the store, so I was then next to receive a full-time deli position.

My last day actually worked was May 15, 2008. I called in sick the next day, May 16, 2008 which was an excused absence. I was then scheduled to have off the next day (Saturday). I then called in Sunday morning, May 18, 2008 for my next week's work schedule to speak to JENNY, who was not in attendance. I spoke to a woman (JANICE) working in the deli who instructed me to call JENNY on Wednesday, May 21, 2008. JANICE, at that time, stated that JENNY wished to speak to me first before giving me my work schedule. So, I called JENNY on Wednesday morning, May 21, 2008 and spoke to her. She asked me to

1

come to the store that day because she wanted to speak to me. I was unable to be at the store that day because my mother had the car. So, JENNY asked me to call her on Tuesday, May 27, 2008, the day after Memorial Day. I called her that morning and stated that I could be at the store about 11:00 A.M. that day.

I arrived at the store, saw JENNY and she asked me to wait in her office while she checked to see whether CHUCK was available. He was available, so JENNY and I went to CHUCK'S office. I sat down and attended a meeting with them which lasted about 3-4 minutes. CHUCK did most of the talking. CHUCK then began criticizing my work performance, which had not been criticized before by anyone. I had only seen CHUCK once in the deli-department, so he could not have had personal knowledge of my work performance. After CHUCK spoke for a minute or two, JENNY then stated, "When you health gets back in order, then you can come back and work at Jewel." This was a direct reference to my pregnant condition, of which JENNY knew. I could have continued working until close to my pregnancy, as I had had no issues with performance or attendance before my termination.

As a result of the discrimination alleged, I have been economically harmed, embarrassed, humiliated and inconvenienced.

**Ernest T. Rossiello**
*Attorney at Law*
134 North LaSalle St, #1330
Chicago, IL 60602-1137
(312) 346-8920